FILED
2009 SEP 21 PM 1:01
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD NAMES,<br><br>                       Plaintiff,<br>vs.<br><br>LEE PUBLICATIONS, INC.,<br>dba North County Times, a corporation;<br>PEGGY CHAPMAN; and DOES<br>1 through 25, inclusive,<br><br>                      Defendants. | CASE NO. 09cv0132 BEN (CAB)<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>[Doc. Nos. 5, 10, 16] |

This matter is before the Court upon Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), and Plaintiff's motion to remand to state court pursuant to 28 U.S.C. § 1445(c). (Doc. Nos. 5, 10, 16.) For the following reasons, the Court **GRANTS** Plaintiff's motion to remand (Doc. No. 16) and **REMANDS** this case to state court.

Plaintiff filed an amended complaint in state court, alleging (1) employment discrimination based on disability or perceived disability in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.*; (2) employment discrimination based on failure to accommodate disability or perceived disability in violation of FEHA; (3) failure to engage in a timely, good-faith interactive process in violation of FEHA; (4) retaliation in violation of FEHA; (5) age discrimination in violation of FEHA; (6) harassment based on disability; (7) wrongful termination in violation of public policy; (8) breach of contract; and (9) breach of the covenant of good faith and fair

dealing. (Doc. No. 1, Ex. G.) Defendants removed the matter on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Doc. No. 1.) Plaintiff then moved to remand the case pursuant to 28 U.S.C. § 1445(c), contending that his fourth cause of action for retaliation due to filing a workers' compensation claim renders his case non-removable. (Doc. No. 16 at 12-13.)

## DISCUSSION

An action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." *Id.* "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

District courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and where the suit is between citizens of different States. 28 U.S.C. § 1332(a)(1). Procedurally, diversity cases may be removed "only if [no defendant] is a citizen of the State in which [the] action is brought." *Id.* § 1441(b). However, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." *Id.* § 1445(c). The statute reflects a congressional concern for the states' interest in administering their own workers' compensation schemes, the burdens on injured claimants of maintaining a federal court suit, and the incidence of federal court congestion. *Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1061 n.6 (9th Cir. 2002); *Armistead v. C & M Transp., Inc.*, 49 F.3d 43, 46 (1st Cir. 1995); *Kay v. Home Indem. Co.*, 337 F.2d 898, 902 (5th Cir. 1964).

Thus, the issue here is whether Plaintiff's claim "arises under" California's workers' compensation laws. Whether a retaliatory discharge claim arises under a state workers' compensation law for purposes of the removal statutes is a question of federal law. *See Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972); *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). The Court may, however, "refer to state court decisions as persuasive authority in determining the source of a cause of action." *Ehler v. St. Paul Fire & Marine Ins. Co.*, 66 F.3d 771, 773 n.3 (5th Cir. 1995).

The term "arising under" in the context of § 1445(c) has the same meaning as "arising under" in 28 U.S.C. § 1331, which governs federal-question jurisdiction. *See, e.g., Reed v. Heil Co.*, 206 F.3d 1055, 1059 (11th Cir. 2000). In defining "arising under" for purposes of § 1331, the Ninth Circuit has explained that

> [a] claim arises under federal law within § 1331 if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim.

*Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1142-43 (9th Cir. 2000) (per curiam). Therefore, for purposes of § 1445(c), Plaintiff's claim "arises under" California's workers' compensation laws if the workers' compensation laws create Plaintiff's cause of action or if it is necessary to interpret those laws to resolve Plaintiff's claim. *See, e.g., Hamblin v. Coinstar, Inc.*, No. CIV. S-07-1258 WBS KJM, 2007 WL 4181822, at *1 (E.D. Cal. Nov. 21, 2007).

Plaintiff alleges that Defendants terminated his employment in retaliation for filing a workers' compensation claim. (Doc. No. 1, Ex. G ¶¶ 42-47.) The Ninth Circuit has not decided whether such a claim "arises under" workers' compensation laws. Other circuits have reached different conclusions. *Compare Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091-92 (5th Cir. 1991) (holding that plaintiff's retaliatory discharge claim arose under Texas workers' compensation laws for purposes of applying § 1445(c) where claim was based upon statutory authority, even though controlling statute was not within workers' compensation chapter) *with Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 724 (7th Cir. 1994) (determining that Illinois tort of retaliatory discharge lacks, for purposes of § 1445(c), essential elements of worker's compensation law).

"[A]pplication of § 1445(c) is more straightforward if a state's workers' compensation laws create the plaintiff's cause of action." *Hamblin*, 2007 WL 4181822, at *2; *see also Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245-46 (8th Cir. 1995) (distinguishing *Spearman* and holding that retaliatory discharge claim, codified in state's workers' compensation laws, "arises under" those laws); *Quinones v. Target Stores*, No. C 05-03570 JW, 2005 WL 3157515, at *5 (N.D. Cal. Nov. 23, 2005) (holding that § 1445(c) bars removal of common-law retaliatory discharge claim because public policy against such termination is codified in section 132a of state's workers' compensation laws). In

California, Labor Code section 132a codifies a claim for retaliatory discharge. Section 132a provides in relevant part:

> It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment.
>
> (1) Any employer who discharges . . . any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer . . . is guilty of a misdemeanor and the employee's compensation shall be increased by one-half . . . . Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

Cal. Lab. Code § 132a.

For an employee fired for filing a workers' compensation claim, the remedy that section 132a provides is twofold. First, the employee can file a section 132a claim and seek relief under section 132a. Presumably, this claim must be filed with the Workers' Compensation Appeals Board. *See* Cal. Lab. Code § 5300. Alternatively, the employee can use section 132a to file a common-law termination-in-violation-of-public-policy claim, commonly known as a *Tameny* claim. *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 176 (1980). To assert a *Tameny* claim, the plaintiff must identify the specific public policy the termination violated and the public policy must derive from a constitutional provision, statute, or administrative regulation that serves a statutory objective. *See City of Moorpark v. Superior Court of Ventura County*, 18 Cal. 4th 1143, 1157-60 (1998).

Section 132a, which is part of the state's workers' compensation laws, "clearly creates [the] substantive right to be free from retaliatory discharge after making a workers' compensation claim." *Quinones*, 2005 WL 3157515, at *5. The fact that Plaintiff brings his retaliation under FEHA does not alter the analysis. Because section 132a provides the necessary public policy, Plaintiff's retaliation claim under FEHA would apparently not exist without it.

FEHA makes it illegal to "discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h). "To establish a prima facie case of retaliation, 'the plaintiff must show that he engaged in a protected activity, his employer subjected him to adverse employment action, and there is a causal link between

the protected activity and the employer's action.'" *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 814 (1999) (*quoting Flait v. N. Am. Watch Corp.*, 3 Cal. App. 4th 467, 476 (1992)).

Plaintiff's assertion that he filed a workers' compensation claim sufficiently alleges a protected activity for purposes of a FEHA claim. While Plaintiff's right to file a workers' compensation claim is codified in the California Labor Code, not in FEHA, it does not follow that filing a workers' compensation claim cannot constitute a protected activity for a FEHA claim. *See Vogel v. Dollar Tree Stores, Inc.*, No. CIV. 07-2275 WBS EFB, 2008 WL 149234, at *4 (E.D. Cal. Jan. 14, 2008). Specifically, while section 12940(h) of FEHA requires that FEHA prohibit the employer's practice, it does not require that FEHA provide the means for the employee to oppose that practice. *See id.* (noting that Cal. Gov't Code § 12940(h) limits "practices" to "practices forbidden under this part," but does not similarly limit "opposed"). Plaintiff's retaliation claim under FEHA is, therefore, dependent on and "arises under" California's workers' compensation laws. *See, e.g., Hamblin*, 2007 WL 4181822, at *3 (concluding that § 1445(c) barred removal of case where plaintiff alleged defendant wrongfully discharged her after filing workers' compensation claim).

"Since remand of plaintiff's non-removable retaliatory discharge claim is warranted, principles of judicial economy and comity support the remand of [his] other state law claims as well. These claims involve questions of state contract and employment law which are better left to the state court for resolution." *Hummel v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 749 F. Supp. 1023, 1030 (D. Haw. 1990); *see also Wilson v. Lowe's Home Ctr., Inc.*, 401 F. Supp. 2d 186, 192-96 (D. Conn. 2005). Accordingly, the Court **REMANDS** this case to state court under 28 U.S.C. § 1447(c).[1]

---

[1] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Removal in violation of the prohibition in § 1445(c) against removing workers' compensation claims arising under state law is a defect under § 1447(c). *Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir. 2009); *Vasquez*, 292 F.3d at 1062. Therefore, "a plaintiff must make a motion to remand based on the wrongful removal of a state worker's compensation claim within thirty days after notice of removal or the plaintiff waives the opportunity to move for remand." *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998). Here, Plaintiff timely filed his motion to remand. *Cf. Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 942 (9th Cir. 2006) (holding that, because plaintiff failed to object to procedural defect, district court exceeded its § 1447(c) authority in ordering remand sua sponte).

## CONCLUSION

Plaintiff's Motion to Remand to State Court (Doc. No. 16) is **GRANTED**. The case is **REMANDED** to San Diego County Superior Court under 28 U.S.C. §§ 1445(c) and 1447(c). All other pending motions are **DENIED** as **moot**. The Clerk shall mail a certified copy of this Order to the state court.

**IT IS SO ORDERED.**

DATED: 9/21/09

Hon. Roger T. Benitez
United States District Judge